# FORM A

CIVIL RIGHTS COMPLAINT TO BE USED BY A *PRO SE* PRISONER
UNDER 42 U.S.C. § 1983 or
Rev. 10/10          UNDER *BIVENS V. SIX UNKNOWN FED. NARCOTICS AGENTS*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

DARRYN  BRETT  SHARBER

_____  pro-se

_____

_____

(Full name of the Plaintiff(s) in this action)

v.

THE CITY OF LOUISVILLE AND THE
LOUISVILLE METRO DEPARTMENT OF CORRECTIONS,
THE LOUISVILLE/JEFFERSON METRO GOVERNMENT,
MAYOR GREG FISCHER, LOUISVILLE METRO DEPT.
CORRECTIONS DIRECTOR MARK BOLTON AND ASST.
DIRECTOR IRYT TROUTMAN; DR. ROBERT
ROZEFORT,LMDC/PRIVATE CONTRACTOR;
LMDC ADMINISTRATION LEUTINENT ROY
CHRISTOPHER; MOBILEX USA, MOBILEX
USA UNKNOWN X-RAY TECHNICIAN; CORRECT
CARE SERVICES AND CORRECT CARE SERVICES
LPN'S CADIE GREENE AND KRISTI LEGAN;
LMDC'S ENTIRE CHAIN OF COMMAND OVER
THE GRIEVANCE SYSTEM ( TO BE NAMED LATER);
GRIEVANCE COUNSELOR MS. TAYLOR (TO BE NAMED
LATER); LOUISVILLE METRO DEPT. CORRECTIONS
"PROFESSIONAL STANDARDS UNIT, AND IT'S
SERGEANT MICHAEL CALLAHAN, AND SERGEANT
PHILLIP SUMMERS, LMDC OFC. D. JOUHNSON (TO
BE FULLY NAMED LATER, LMDC OFC. LEONARD MELVIN,
LMDC. OFC. "LAWS" ( TO BE FULLY NAMED LATER );
LMDC OFC. JEREMIAH FURMAN, AND LMDC OFC. "WIMSATT";
AND NUMEROUS OTHER INDIVIDUAL SUPERVISORS AND
OFFICERS SERVING WITH THE LMDC AS WELL AS RELATED
DEFENDANTS TO BE SUPPLEMENTED WHEN NAMES ARE
ASCERTAINED.

(Full name of the Defendant(s) in this action)

CIVIL ACTION NO. 3:16-CV-P526-DJH
(To be supplied by the clerk)

(XX) DEMAND FOR JURY TRIAL

( ) NO JURY TRIAL DEMAND
(Check only one)

## I.    PARTIES

1

**(A)** **PLAINTIFF**. Place the full names of the Plaintiff in the first blank below, his/her place of confinement, address, and status. Repeat this procedure for each additional Plaintiff named, if any.

**(1)** Name of Plaintiff          DARRYN   BRETT   SHARBER

      Place of Confinement   Roederer Correctional Complex

      Address                      P.O. BOX 69, Lagrange, Ky. 40031

      Status of Plaintiff          CONVICTED ( X )  PRETRIAL DETAINEE ( )

(A) **DEFENDANT(s).**      Place the full name of the Defendant in the first blank below, his/her official position title in the second blank, and his/her place of employment in the third blank. Mark the capacity in which the Defendant is being sued. Repeat this procedure for each additional Defendant named, if any.

**(1)** Defendant ____ **Mark Bolton** _____is employed

As_ Director _at_Louisville Metro Department of Corrections.

The Defendant is being sued in his/her (X) individual and/or his official capacity(X)

**(2)** Defendant      **Phillip Summers**                      is employed

As Sergeant      at  Louisville Metro Department of Corrections

The Defendant is being sued in his/her ( X ) individual and/or official capacity (X)

**(3)** Defendant      **Leonard  Melvin**                      is employed

As  corrections officer  at The Louisville Metro Department of Corrections

The defendant is being sued in his/her (X) individual and/or(X) official capacity

Ch

**(4)** Defendant      **Roy Cristopher**                      is employed

as an administrations  Lieutenant  at  Louisville Metro Department of Corrections

2

The Defendant is being sued in his/her (X) individual and/or (X) official capacity.

(5) Defendant **Jeremiah Furman** is employed

As corrections officer at Louisville Metro Department of Corrections

The defendant is being sued in his/her (X) individual and/or (X) official capacity.


(6) Defendant **Cadie Greene** is employed

As LPN at Correct Care Solutions/ Louisville Dept. of Corrections

The Defendant is being sued in his/her (X) individual and/or(X) official capacity


(7) Defendant **Kristi Legan** is employed

As LPN at Correct Care Solutions/Louisville Metro Dept. Corrections.

The Defendant is being sued in his/her(X) individual and/or (X) official capacity


(8) Defendant **"D. Johnson"** (supplement first name once ascertained) is employed

As corrections officer at Louisville Metro Department of corrections.

The defendant is being sued in his (X) individual and/or (X) official capacity.


(9) Defendant **"Laws"** (supplement first name once ascertained) is employed

As corrections officer at Louisville Metro Department of Corrections.

The Defendant is being sued in his/her (X) individual and/or official (X) capacity.


3

(10)   Defendant   **Iryt   Troutman**                                              is

employed

As   Assistant Director  at   Louisville Metro Department of Corrections.

The Defendant is being sued in his (X) individual and/or (X) official capacity.


(11)  Defendant   **Robert  Rozefort**                          is employed

As  doctor  at  Louisville Department of Corrections/Private contractor.

The defendant is being sued in his (X) individual and/or (X) official capacity.


(12)   Defendant        **Michael   Callahan**                          is

employed

As a sergeant with the Professional standards unit  at Louisville Metro Dept Corrections.

The Defendant is being sued in his (X) individual and/or (X) official capacity.

(13)

(Defendant        **MobileX USA**                              is employed

As a Corporation  at  Midwest Region ,6185 Huntley Road, Columbus Ohio.

The Defendant is being sued in its (X) individual and/or (X) official capacity


(14)   Defendant    **"Wimsatt"**                          is employed

As a corrections officer  at  Louisville Metro Department of Corrections.

The Defendant is being sued in his/her (X) individual and/or (X) official capacity.


4

**(15)**    Defendant       **Greg  Fischer**                                                                                           is

employed as  MAYOR  at  The Louisville/Jefferson County Metro Government, City Hall.

The  Defendant is  being sued in his/her(X) individual and/(X)or official capacity.


**(16**    Defendants    **"DOES"**      (1-30)                                      is employed

As  supervisors and/or officers and staff   at   Louisville Metro Department of Corrections.

The Defendants are being sued in his/her (X) individual and/or (X) official capacity.

5

## II.   PREVIOUS LAWSUITS

(A)  Have you begun other lawsuits in State or Federal court dealing with the same facts involved in this action?  YES (___) NO (**XX**)

(B)  If your answer to "A" is YES, describe the lawsuit in the spaces below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.

Parties to the previous lawsuit:

Plaintiff(s):   _____

_____

Defendant(s):   _____

_____

Court (if federal court, name the district.  If state court, name the county):

_____

Docket number: _____

Name of judge to whom the case was assigned: _____

Type of case (for example, habeas corpus or civil rights action): _____

Disposition (for example, Was the case dismissed?  Is it still pending?  Is it on appeal?):

_____

Approximate date of filing lawsuit: _____

Approximate date of disposition: _____

## INTRODUCTION

*(1)* _____ This is a civil rights action for compensatory and punitive damages brought against the aforementioned parties and more particularly set forth herein below, to redress the deprivation by the defendants, of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Kentucky. There are three separate incidents with multiple claims. Plaintiff, Darryn Brett Sharber, after being placed in a hold cell at the Louisville Metro Department of Corrections, was brutally and unjustifiably terrorized and beaten, ensuing in multiple broken bones by the combined and concerted activity of the corrections officer defendants named herein.   Shortly after 8:00am on May 10th, 2016, the Plaintiff was intentionally and unnecessarily subjected to the excessive and illegal use of deadly force by LMDC Sergeant PHILLIP SUMMERS, C/O "D. JOHNSON, C/O LEONARD MELVIN, C/O "LAWS" while other un-named defendants looked on supportively or, at best, impassively.   Further, defendants attempted to cover-up their culpability by concealing the facts, fabricating evidence, intimidating, and defaming the Plaintiff.  As a result of the defendant's outrageous and willful actions, Plaintiff suffered long-lasting physical injuries, pain and suffering, along with, profound emotional and psychic trauma, and, a fundamental affront to his human dignity.   The "attack on Darryn Sharber," ( well known with-in the jail and will be referred to  hereinafter as "The Sharber Assault") although accomplished by the individual LMDC officers present on May 10, 2016, it was also a direct product of certain deficient policies, practices, and customs implemented, maintained, and tolerated by the Louisville Metro

Depts. Corrections and "Metro-Gov" with respect to LMDC tactics, hiring, training, supervising (including but not limited to LMDC'S surveillance policies) and the disciplining of officers.  Such de facto policies and pervasive practices and "customs" were the proximate cause of plaintiff's injuries, and are conjunctive with an unsafe and dangerous atmosphere ripe with excessive force amongst LMDC officers, and represent the deliberate indifference of the Louisville Metro Government and their Corrections Department, to the physical safety and Constitutional rights of its inhabitants.   The "Sharber Assault" was not a singular event or an aberration, but rather, the latest in a long series of incidents of excessive force involving LMDC officers in their adopted and accepted, "I just don't give a damn" attitude. Further the health-care providers, Correct Care Solutions and MobileX USA, who, in conjunction with LMDC'S Staff violated Plaintiffs Privacy, (H.I.P.P.A.) on May 10th, 2016 and May 17th 2016...

**PARTIES**

(2)  **PLAINTIFF**   Darryn Brett Sharber is a competent adult, a citizen of the United States, and a resident of Jefferson County Kentucky

(3) **DEFENDANTS**   Louisville/Jefferson County Metro Government;  Louisville Metro Department of Corrections,  Mayor, Greg Fischer; LMDC Director Mark Bolton; LMDC Assistant Director (Director Designee) Iryt Troutman; Dr. Robert Rozefort (Private contractor/LMDC); MobileX USA; and MobileX USA X-Ray Technician (to be named later); Correct Care Solutions; and Correct Care Solutions LPN'S Kristi Legan, and Cadie Greene; LMDC's Administrations Lieutenant Roy Christopher, and his Captain (name to be supplemented later), and, LMDC'S entire chain of command over the grievance system including "Ms. Taylor" (grievance counselor); (full name to be added later). Sergeant Phillip Summers, C/O Leonard Melvin, C/O D. Johnson and C/O Laws (full names to be added later; LMDC'S Professional Standards Unit, (all members), including Sgt. Michael Callahan, (P.S.U.) also, in two additional claims, LMDC Officer Jeremiah Furman, and LMDC Officer Wimsatt (to be fully named later); Numerous other LMDC supervisors and officers serving with the Louisville Metro Dept. Corrections will be supplemented later once their identities have been ascertained.

(4)   Plaintiff sues the defendants with unknown first names and other unknown defendants because; the true identities are yet to be ascertained. (Due to an uncooperative Louisville Metro Department of Corrections and according to them, their policy).

## JURISDICTION AND VENUE

(**5**)    This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 (federal question) and U.S.C. Section 1343 (3) (civil rights).    Venue lies in the Western District of Kentucky, the judicial district in which the claim arose, pursuant to 28 U.S.C. Section 1391.

## FACTS

***On the grievances filed by Plaintiff, he has stated, "he will volunteer to take a Polygraph test to bolster his credibility relating to the events mentioned herein.***

(6)        During all times mentioned in this complaint, the defendants and each of them were duly appointed corrections officers in the Louisville Metro Dept. of Corrections in the Louisville/Jefferson County Metro area of Kentucky, acting in their official capacities, however they are sued in their individual as well as their official capacities.

(7) During all times mentioned in this complaint, the defendants acted jointly and in concert with each other. Each defendant had the duty and opportunity to protect the plaintiff,    thereby proximately causing the plaintiffs injuries.

10

(8)        During all times mentioned in this complaint, the defendants were acting under the color of state law, that is, under the color of the Constitution , statutes, laws, charter, ordinances, rules, regulations, customs, and usages of the State of Kentucky and the Louisville/Jefferson Metro area.

(9)        At a time shortly after 8:00am on May 10th 2016, Darryn Brett Sharber was placed in a holding cell by C/O "D.Johnson" to await a court escort officer.  Plaintiff entered the cell without objection or delay.      Notwithstanding Darryn Sharber's willingness to comply, a few minutes thereafter Plaintiff was accosted by Sgt. Summers and C/O D. Johnson who was trailed by C/O Leonard Melvin, and C/O "Laws" whereby all four had joined to terrorize the plaintiff with slurs, obscenities, threats of violence, and physical "pokes" to his nose (by Sgt. Summers). Sgt. Summers told Plaintiff "we know why you are going to court today!" Plaintiff replied "so that's what this is about." "I swear I didn't hit her, I wouldn't do that". (Plaintiff was going to court that morning over an alleged assault 3rd against an LMDC officer T. Pierce; However, once the County Attorney reviewed the video tape evidence and testimony of another officer, it was determined that Plaintiff did not assault C/O T. Pierce and the charge was amended to harassment under an Alford v North Carolina plea).  Plaintiff pleaded with the officers to "Just take me to court," but, the defendants would not let him speak.  Plaintiff then witnessed C/O D. Johnson ask C/O Melvin and C/O Laws, "Now? You want to get him, now?" Plaintiff turned to look at Laws and Melvin and both gave affirmative nods, (with Melvin giving a verbal response, yeah").   Suddenly, without provocation, or just cause, C/O D. Johnson maces plaintiff with his o/c pepper spray while plaintiff was sitting on the bench. Then,

11

C/O D. Johnson, along with Sgt. Summers, pulled Plaintiff to the floor, With Johnson on one side striking plaintiff with his knee (to his ribs and kidney area) over 15 times, with punches (hard fists) to his head, and, Sgt. Summers began hitting Darryn Sharber on his adjacent side approx. 20 times. Plaintiff was screaming and begging for them to stop. During the entire episode Plaintiff heard C/O Johnson say (only once) "stop resisting", Plaintiff replied "Please stop... I'm not. You know I'm not, you're just saying that! You broke my ribs, please, I can't breathe, Oh my God, I didn't hit her." "Please, I'm sorry for WHATEVER I did!" Then Plaintiff looked back to C/O. Melvin and Laws to try and ask for their help, but Melvin kicked Sharber while c/o Laws stood their grinning. The foregoing beating was applied maliciously and sadistically for the purpose of causing harm to the plaintiff. Their actions not only contravened LMDC policy with respect to a compliant prisoner but, were also of such strenuous and prolonged application as to outrage any person with normal sensibilities and, shock the conscience of any Justice. The violent attack was accomplished by the officers acting in concert and in view of other LMDC officers with the driving force behind their wrong-doing being retaliation, coupled with LMDC providing a haven to carryout the attack. [No Video Surveillance in Plaintiffs Holding Cell or any holding cells on any floors, hence, a decision by Mark Bolton, LMDC Director, NOT to supervise it's employees.] The Defendants knowledge that "Big Brother" is and was not watching, affords/afforded them the perfect environment to terrorize and brutally attack the Plaintiff. Moreover, the physical onslaught of Darryn Sharber, was accompanied by taunting and castigating the Plaintiff with threats, slurs, and obscenities. ***Claim # 1*** *{ The Plaintiff was entitled to be free from cruel and unusual punishment under the eighth and fourteenth amendments to the United States Constitution and the first*

*amendment, for the retaliation of said defendants and free from state common law assault and battery and negligence}.*

## (A)      Relating to the above mentioned incident on May 10ᵗʰ 2016, Plaintiff was never criminally charged, nor did he receive any "in-house" disciplinary action.

(**10**)      The individual defendants acted and conspired together to conceal the true facts and events surrounding their unconscionable conduct.  Two of the officers who assaulted the Plaintiff, (Summers and Johnson) "policed themselves", and conducted the investigation into their *own* illegal behavior, using C/O Johnson's Personal cell phone to take photos of plaintiffs injuries so as to control and clean up the mess, and deny plaintiff of a fair investigation, and/or an opportunity to get help and give his side of the incident. ***CLAIM #2*** *{It's The Plaintiffs First amendment right to the US. Constitution redress from the government, due process, intentional infliction of mental distress, 8ᵗʰ and 14ᵗʰamendments to the U.S. constitution and state provisions secured to the Plaintiff by the provisions of Kentucky Law }.*  Sgt. Johnson also told C/O Johnson, "do not let anyone have access to Sharber the rest of the day except for Leonard and...{Inaudible} when they are ready for him in x-rays, I'll take him." Johnson replied "gotcha."  For the rest of the day plaintiff was presented with only the officers who beat him.  Plaintiff was afraid to tell nurse Legan the truth about what happened to his "ribs" because the two officers (Sgt. Summers and Johnson ), were standing right next to him with c/o Johnson squeezing plaintiffs arm when Legan asked "What happened?" Plaintiff replied, "I fell on the sink."  Nurse Legan said "the sink?"

Plaintiff was intimidated by the officers and scared. ***CLAIM # 3*** *[Defendants conspired against Plaintiff to cover-up their wrong-doing, violating his due process under 8th, 14th,5th, and 1st amendment rights secured to him by the_____ U.S. Constitution and Kentucky State Common Law, conspiracy and negligence]*

(11)      Nurse Legan ordered an x-ray and plaintiff was placed back in his dorm by c/o Johnson. As soon as Johnson left the dorm, Plaintiff ran to the phone and called P.R.E.A. hotline and begged for help asking, "Please, send someone up here to help me, the officers hurt me and are going to kill me. They broke my ribs." Then Plaintiff called again for help crying, screaming and begging for someone to help. No-one ever came. The Plaintiff called his lawyer and explained what happened. His lawyer, Wesley Pagels, arrived at the jail shortly thereafter. Sgt. Summers was caught eavesdropping outside the Lawyers door by Mr. Pagels. Also Sgt Summers eavesdropped on Mr. Pagels phone call to his supervisor to report the incident and to get his investigator over to take photos of Plaintiffs injuries. After attorney visit was over, Darryn Sharber was escorted back to his cell by Officer Laws. ***CLAIM # 4*** *[defendants violated the 8th , 5th, and 14th Amendments of  the U. S. Constitution right to privacy between attorney/client secured to Plaintiff and Due Process}*

(12)      At a time thereafter Sgt. Summers escorted Plaintiff to get x-rays performed by MobileX USA's x-ray technician. Plaintiff entered the x-ray room alone and the first chance he got to "physically" tell someone "what happened," was to the x-ray tech. However, the x-ray technician had no response and continued with the x-ray when plaintiff told him "the officers did it to me." Then, as the plaintiff exited the exam room, Sgt. Summers entered and grabbed the portable laptop used for the imaging process, turned it

14

around toward the x-ray tech and asked, "What are we looking at here?"  "Are they broke?" Technician replied (while pointing at the images on the computer), "look here and here. Now look to this side and possibly here too."  Then Sgt Summers responded, "damn" (in almost a whisper).  Plaintiff was then taken back to his cell without incident.  *CLAIM # 5  { The MobileX Technician violated Plaintiffs right to Privacy and discussed his medical x-rays with the corrections officer who assaulted Plaintiff This right to privacy is secured to Plaintiff by the U. S. Constitution in violation of H.I.P.P.A   1st , 8th , 4th,5th, and 14th amendments}*

(13)     Plaintiff only received one Tylenol and 600 mgs. of, Ibuprophen once with-in the next 72 hours and never received an essential clinical exam by neither Dr. Robert Rozefort nor any other Practitioner while at LMDC.  Plaintiffs radiographic results confirmed "at least" two fractures on his 5th and 6th right lateral and possibly more, and possible multiple left rib fractures are seen. The results were partially indeterminate and stated as such.  The radiologist claimed "articles of clothing" were obstructing the view.  Nonetheless, the results should have alerted Dr. Rozefort to order more x-rays for a determinate finding. Certainly more fractures would consequence more pain Plaintiff was only prescribed 600 mgs. of Ibuprophen two times per day.  Plaintiff was not given anything else to aid in his discomfort. Doctor Rozefort, Correct Care Services, and LMDC knew the results of Plaintiffs x-rays and disregarded an obvious substantial risk of serious harm that Plaintiff had additional broken ribs.  Doctor Rozefort never performed an essential clinical exam. No treatment plan and no follow-up care were received by the Plaintiff.  Also, medicine was not prescribed or administered properly.  This placed an unnecessary and wanton infliction of pain on the Plaintiff. *CLAIM # 6     { This is in violation of Plaintiffs right to*

15

*adequate medical care and to be free from cruel and unusual punishment and intentional and wanton infliction of pain secured to Plaintiff under the 8th and 14th amendments to the U.S. Constitution.}*

**(14)** On May 17th 2016, at approx. 9:30pm, officer Wimsatt escorted the Correct Care Services Nurse, Cadie Greene while she distributed pill call. C/O Wimsatt grabbed Plaintiffs medicine from the med cart and taunted Plaintiff with his Psych med's and diabetic snack. Also, shouting slurs and obscenities toward him calling him a "pussy" Check-in, defaming the Plaintiff and threatening to contaminate his food, and threaten to, "Bring back other officers to come in that cell and beat you down." Officer Wimsatt unloaded a plethora of threats and violated LMDC policy and violated Plaintiffs privacy rights pertaining to his medical. Officer Wimsatt's actions were an intentional infliction of pain and for the sole purpose of causing him extreme emotional distress-outrage, LPN, Cadie Greene, was laughing and allowing Officer Wimsatt access to her medical cart and made no attempts to prohibit C/O Wimsatt, However rather encouraged it with laughs. LPN Cadie Greene had a duty to prevent off. Wimsatt access to her medical cart that contained Plaintiffs medicine. ***CLAIM #7*** *{ together C.C.S. LPN Cadie Greene and LMDC C/O Wimsatt violated Plaintiffs H.I.P.P.A 's Right to Privacy and inadequate medical care and cruel and unusual punishment secured to the Plaintiff by the 1st, 4th,8th and 14th amendments to the U.S. Constitution}*

**(A) Relating to the above mentioned incident on May 17th 2016, Plaintiff never received any "in-house" disciplinary, any type of Sanction, or criminal complaint.**

(15)             On April 28th 2016 Plaintiff, Darryn Brett Sharber, was brutally and unjustifiably punched, choked, and attacked, and sexually assaulted and harassed by Officer Jeremiah Furman. Without provocation or cause, C/O Furman, Maliciously and sadistically punched Plaintiff in the face and throat, then grabbed Plaintiff by his testicles and privates while smiling and winking, and pinned Darryn Sharber up against the glass in the vestibule where The officer knew there was no Video Surveillance, and continued to squeeze the Plaintiffs throat and "privates" causing the Plaintiff serious physical harm and terrible pain, with bruising, redness, swelling, and intentional infliction of emotional distress, (Plaintiff was asked by Sgt. Vincent if he had "any other injuries?" Plaintiff was too embarrassed and ashamed at the time to tell The female Sgt that his "privates" was hurting, and that c/o Furman attacked him in his groin area, however, Plaintiff did mention it in his grievance the following day. (A grievance the Plaintiff filed that was never responded to that was never responded to). Officer Furman for a period of three weeks prior to the assault called Plaintiff offensive sexual and dehumanizing names such as "Goldilocks" and "Blondie" and winked at him often. Plaintiff reported this incident through the grievance system but never received a response. And Plaintiff also called the P.R.E.A. (Prison Rape Elimination Hotline) to report the incident and asked for help, but nobody came to speak to, help, or investigate the complaint. Plaintiff also wanted to press charges against C/O Furman, but plaintiff could not get any one to talk to him. Officer Furman's actions were for the sole purpose of causing Plaintiff harm, and extreme emotional distress-outrage *CLAIM # 8  { Plaintiff has the right to be free from cruel*

17

_and unusual punishment afforded to him by the 8th and 14th amendment of the Constitution, and free from intentional and wanton infliction of pain and sexual abuse]_

## (A)   Officer Furman never lodged neither, a criminal complaint, or any "in-house" disciplinary against the Plaintiff relating to the above mentioned incident on April 28th 2016.

(16)        Plaintiff alerted the LMDC staff of the attack and sexual assault through the "grievance system" and the P.R.E.A. hotline.  Mark Bolton, and his staff, failed to come to Plaintiffs aide.  Darryn Sharber, never received any type of response, and after approximately 4/5 weeks, Plaintiff got the courage up to write "P.S.U." and asked, "Why didn't you all help me or respond to any of my grievances or P.R.E.A. calls I made.  Sgt. Michael Callahan replied, "We never received any grievances from you, and your PREA calls were not PREA related."   Plaintiff specifically stated in his call (as will be entered into evidence) "I was sexually assaulted by Officer Furman. He grabbed my privates and winked at me numerous times".  **CLAIM #8** _[Plaintiff had a right to be free from sexual abuse and intentional and wanton infliction of pain, and to be protected from such by the LMDC chain of command, the Louisville Metro Gov. including it's supervisors and Mark Bolton, this is afforded to him by the 8th and 14th amendment to the U.S. Constitution, and common law Kentucky State Assault and Battery, negligence, and sexual abuse]_

(**17**)        The City Of Louisville and the LMDC either, explicitly or implicitly authorized and ratified the outrageous conduct and wrongful acts perpetrated by certain individual

defendants herein.  The "Sharber Assault" was the foreseeable result of the de-facto policies and pervasive practices and customs of the City of Louisville and the LMDC routinely to use excessive force and intimidation against it's prisoner/detainees to subject them to bouts of retaliation and dehumanizing brutality and verbal abuse;  and to conceal and otherwise cover-up incidents of excessive force.  In particular, Darryn Sharber's injuries were the reasonably foreseeable product of the LMDC establishment, maintenance and enforcement of a widespread and enduring custom of beating and terrorizing prisoners who had been simply belligerent or attitudinal.  Further, an atmosphere, of overt and passive abuse is fostered and stomached throughout the LMDC is particular, contributed substantially to the nature and severity of the Plaintiffs injuries.  The Jail knew of the substantial risk of serious harm to the Plaintiff and any prisoner in a cell with no video Surveillance, but failed to act on them.

(**18**)       For a substantial period of time prior to, contemporaneous with, and subsequent to the "Sharber Assault", the City of Louisville/Jefferson county Metro Gov. and the Louisville Metro Dept. Corrections implemented, maintained and tolerated the following deficient policies, practices and customs:

(a)   Hiring and/or failing properly to assign, supervise and control corrections officers, known or reasonably should have known to have used excessive or, unreasonable force in the past;

(**b**)   Failing properly to discipline correction officers who had engaged in the use of excessive force or unnecessary violence.

(**c**)   Not placing video surveillance in any "hold-cells" where most (officer- on- inmate) assaults occur.

(**d**)   Failing to conduct adequate investigations of reported officer misconduct and to maintain an organized and effective system for reporting and investigating incidents of alleged brutality and abuse in LMDC.  {Including, but not limited to the grievance}

(**e**)   Discouraging prisoners from reporting corrections officers misconduct and otherwise acting to conceal and/or cover-up officer culpability including manipulating the grievance system

(**f**)   Fostering a code of silence among the ranks of the LMDC to such extent that officer misconduct does not get reported to the "professional standards unit" of the LMDC, and grievances by prisoners are "sat-on" and never returned to the prisoner or never answered so they cannot be appealed to the Director/Designee or the P.S.U. of the LMDC.


(**19**)   The Sharber Assault, along with the Attack by officer Furman, and the incident with LPN Cadie Greene and off. Wimsatt, as well as, all other claims mentioned herein, was a reasonably foreseeable result of each of the deficient policies, practices, and customs alleged in paragraph (18).


(**20**)   Defendants  Mark Bolton, Iryt Troutman, Mayor Greg Fischer, and other un-named officials,  supervisory personnel and policy makers of the Metro Government and the LMDC, had either actual knowledge of the deficient policies, practices, and customs alleged hereinabove; acquiesced in and condoned such policies, practices and customs; and were deliberately indifferent to their foreseeable effects and consequences with respect to the Constitutional rights of the Plaintiff and others similarly situated.

(21)   In perpetrating, sanctioning, tolerating, and/or ratifying the outrageous conduct and other wrongful acts described herein, defendants, and each of them, were motivated by class-based animus, characterized by invidious prisoner hatred, resentment and hostility. Defendants acted with an intentional, reckless and or callous disregard for the deliberate indifference toward the life of Darryn Sharber and his human and constitutional rights. Defendant's actions, and each of them, were willful, oppressive, malicious, sadistic, fraudulent, and highly offensive to any person with normal sensibilities.

(22)   As a direct and immediate result of the aforementioned beating and terrorization, and sexual assault, Darryn Brett Sharber sustained grave bodily and emotional injuries, causing permanent harm to his body, his person, and his psyche. Plaintiff has been hurt and injured in his health, strength, mental stability and activity, all of which injuries have caused plaintiff great physical and emotional pain and suffering, and shock, distress, anxiety, humiliation, and anguish. Further, the policies, practices, procedures, and customs implemented, maintained, and tolerated by the Louisville/Jefferson County Metro Government and the LMDC and various officials, supervisory personnel and policymakers of these entities, were affirmatively linked to and the moving force behind the injuries and other damages sustained by the Plaintiff herein.

(23)   Plaintiff exhausted all available remedies through LMDC Chain of Command grievance system related to all claims herein. Lieutenant Roy Christopher, nor an other staff member ever responded to Plaintiff's grievances, keeping Plaintiff from filing an appeal, Therefore, the grievances are deemed to have been rejected and exhausted.

## RELIEF



_____ administration to follow-up on all P.R.E.A. calls with inmates

_____ Re-organize the grievance system with new chain of command

_____ Injunctive relief to place cameras in   *ALL* Hold-Cells

_____ Award money damages in the amount of, $ 1,000,000.00

_____ Award punitive damages in the amount of, $ 15,000,000.00

_____ Award emotional and psychic trauma damages of, $ 3,000,000.00

## IV.   DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare under the penalty of perjury that the information contained in this

document is true and correct.

This _____ Day of _____ August _____, 20 16

_____ Darryn Shell _____
Signature of Plaintiff

I hereby certify that a copy of this complaint was delivered to the prison mail system for

mailing on _____ August 11, 2016 _____

_____ Darryn B. Sharber _____